United States District Court
Southern District of Texas
**ENTERED**
April 12, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT	SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Isaac Manuel Alvarado, § <br> Petitioner, § <br> § <br> v. § <br> § <br> Lorie Davis, § <br> Director, Texas Department § <br> of Criminal Justice, Correctional § <br> Institutions Division, § <br> Respondent. § | Civil Action H-18-3495 |

## Memorandum and Recommendation

Isaac Manuel Alvarado has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for possession with intent to deliver a controlled substance. (D.E. 1.) The court recommends that the petition be dismissed with prejudice as time-barred.

On February 3, 1998, Alvarado pleaded guilty in the 209th District Court of Harris County, Texas, to possession with intent to deliver more than 400 grams of cocaine. The district court sentenced him to 45 years confinement in the Texas Department of Criminal Justice and imposed a $100 fine. (D.E. 16-3 at 37–38.)

The court of appeals affirmed the district court's judgment. *Alvarado v. State*, No. 14-98-00506 (Tex. App.—Houston [14th Dist.] May 13, 1999) (D.E. 16-6 at 91–95). Alvarado did not file a petition for discretionary review in the Texas Court of Criminal Appeals.

Alvarado filed a state application for writ of habeas corpus on April 5, 2000. (D.E. 16-6 at 7–22.) The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court. (D.E. 16-6 at 2.) Alvarado filed three more applications: on November 30, 2004; November 30, 2008; and May 30, 2018. All three were dismissed as subsequent applications. Alvarado filed this federal habeas corpus petition on September 18, 2018.

AEDPA sets a one-year limitations period for federal habeas petitions. See 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Because Alvarado challenges a state-court conviction, the limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Alvarado's conviction became final on June 14, 1999, when his time to file a petition for discretionary review expired. *See* Tex R. App. P. 68.2(a); Tex. R. App. P. 4.1(a). Absent tolling, the limitations period would expire one year later, on June 14, 2000.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other collateral review" is pending does not count toward the one-year limitations period. A state habeas petition is "pending" for purposes of tolling under § 2244(d)(2) on

the day it is filed through and including the day it is decided. *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009).

Alvarado filed his first state habeas application on April 5, 2000, and the TCCA denied the application on February 28, 2001. The limitations period was tolled for 330 days, extending the deadline to file his federal habeas petition to May 10, 2001. Because Alvarado filed his next state post-conviction petitions after the time for filing a § 2254 application had lapsed, the state petitions did not toll the one-year limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Alvarado argues that the statute of limitations should have begun running more recently under Section 2244(d)(1)(D). He alleges in his petition that he "has newly discovered information that his trial counsel did not have for presentment at trial, and through self diligence [sic] has found 'grounds' of argument." (D.E. 1 at 10.) Alvarado's petition does not indicate what information he has discovered, when he discovered it, its relevance to his claims, or why he could not have discovered it earlier through due diligence. Merely stating that new information has helped form new arguments is insufficient for purposes of Section 2244(d)(1)(D). *See Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) ("[The petitioner] is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim.").

No other AEDPA provision applies to extend the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B)–(C). Nor does Alvarado allege any extraordinary circumstance that would warrant extending the deadline through equitable tolling.

The court recommends granting Davis's motion for summary judgment and dismissing Alvarado's petition for writ of habeas corpus with prejudice as time-barred.

3

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on April 11, 2019.

_____
Peter Bray
United States Magistrate Judge